**POTENTIAL SYMPHONY STEEL ORCHESTRA, Plaintiff**

**v.**

**FOUR STAR AVIATION, INC. d/b/a FOUR STAR CARGO, PAN AMERICAN WORLD AIRWAYS, INC., BOLONGO BAY HOTEL CORPORATION, DEPARTMENT OF EDUCATION, GOVERNMENT OF THE VIRGIN ISLANDS,**
**Defendants**

Civil No. 722/1989

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 30, 1994

STEDMANN HODGE, ESQ., St. Thomas, V.I., *for plaintiff*

GREGORY H. HODGES, ESQ., (DUDLEY, TOPPER & FEUERZEIG), St. Thomas, V.I., *for Four Star Aviation, Inc.*

JOHN W. STRYKER, ESQ., (D'AMOUR JONES, STRYKER & DUENSING), St. Thomas, V.I., *for Pan American Airways, Inc.*

SAMUEL H. HALL, ESQ., St. Thomas, V.I. *for Bolongo Bay Hotel Corp.*

Rosalie Simmonds-Ballentine, Esq., (Attorney General), St. Thomas, V.I., *for Government of the Virgin Islands*

MEYERS, *Judge*

## MEMORANDUM OPINION

This matter is before the court on Defendant Bolongo Bay Hotel Corporation's (Bolongo Bay) motion to dismiss, and Defendant Pan American Airways' (PAA) Motion For Leave To File Crossclaim For Indemnity against Defendant Four Star Aviation (Four Star). For the reasons which follow, these motions will be granted.

## FACTUAL BACKGROUND

Plaintiff, a Trinidadian steel band orchestra, initiated this action to recover musical instruments sent C.O.D. and via SPECIAL EXPEDITED HANDLING from Trinidad to St. Thomas, Virgin Islands. However, the instruments arrived too late for a concert performance held at the Reichhold Center on November 26, 1988. Four Star Aviation, PAA's cargo representative on St. Thomas, received and stored the instruments when they arrived the day after the concert. The transportation costs of the instruments amounted to Six Thousand Two Hundred Forty-Two Dollars and Thirty-Eight Cents ($6,242.38).

On October 10, 1989, Four Star Aviation notified the Plaintiff that the combined storage and transportation fees had accumulated to Fifty-Six Thousand Fifteen Dollars ($56,015.00). Due to the Plaintiff's failure to respond to this notice and previous inquiries regarding the cargo's disposition that had been sent by Four Star Aviation, the instruments were sold to Defendant Bolongo Bay in accordance with the carrier's lien provisions of 11A V.I.C. § 7-307 *et seq.* Defendant Bolongo Bay donated the instruments to the Bertha C. Boschulte Junior High School, a public educational facility operated by the Government of the Virgin Islands, Department of Education (GVI). As a consequence of the purchase and donation, Bolongo Bay and GVI were joined in this matter.

## I.

■ When Bolongo Bay purchased the instruments from Four Star, it acquired and subsequently transferred good title to the instruments. Title 11A V.I.C. § 7-308(4) provides that:

A purchaser in good faith of goods sold to enforce a carrier's lien takes the goods free of any rights of persons against whom the lien was valid, despite noncompliance by the carrier with the requirements of this section.

The instruments were sold for Six Thousand Two Hundred Forty-Two Dollars and Thirty-Eight Cents ($6,242.38), which was the exact amount of the unpaid transportation costs. Bolongo Bay, unaware of conflicts surrounding these instruments, purchased them at a valid creditor's lien sale. Thus, it took the instruments free of any claims against the lien. Accordingly, Bolongo Bay and GVI will be dismissed from this action.

## II.

■ PAA and Four Star Aviation entered into and executed a Ground Handling Agreement on February 18, 1986. This long standing agreement was intended to cover the St. Thomas and St. Croix ground services. Article 9.1 of said agreement requires PAA and Four Star to seek arbitration whenever there is "any difference or dispute arising from the interpretation or the implementation of the present agreement or relating to any rights or obligations. . . ." Such is the case in this matter since PAA and Four Star disagree on liability for the late arrival of the instruments. Since they have contracted to submit such disputes to arbitration, this "court [is] constrained to defer the merits of [this] arbitrable issue to non-judicial resolution." Edwards v. Government of the Virgin Islands, 22 V.I. 238, 241 (1986). Therefore, PAA's motion for leave to file Crossclaim for Indemnity Against Defendant Four Star Aviation will be granted. As a result, all further proceedings in this action will be stayed pending the resolution of the dispute between these two parties by arbitration.

## CONCLUSION

The sale of the instruments to Bolongo Bay was conducted in accordance with the requisite provisions of 11A V.I.C. § 7-307 *et seq.;* thus, Bolongo Bay received good title to the instruments. *A fortiori*, Bolongo Bay transferred good title to GVI. Since PAA and Four Star disagree on cargo liability and indemnification, in accordance with Article 9.1 of the Ground Handling Agreement, they must submit this dispute to arbitration. An appropriate order will be entered.

## ORDER

Before the court is Defendant Pan American Airway's (PAA) Motion to Dismiss this matter against Plaintiff, Potential Symphony Steel Orchestra (Potential). Potential has opposed this motion.

In support of this motion, PAA claims that Potential is an unincorporated association. As such, PAA contends that this entity does not have legal capacity to file a lawsuit. Rule 17 (b) of the Federal Rules of Civil Procedure.

In its opposition, Potential concedes that it is an unincorporated association, but it has given Andre Franco, an attorney, power of attorney to bring this suit on behalf of Potential. In the alternative, Potential requests leave to amend the complaint, and has provided the court with the names of all the members. Federal Rules of Civil Procedure allows for leave to amend the complaint, and have such amendment relate back to the filing of the complaint, if justice so requires. Rule 15(a) and (c). In the interest of justice, Potential's motion will be granted. These premises considered, and the court being satisfied therein, it is

ORDERED that PAA's Motion to Dismiss be and the same is hereby DENIED; and it is further

ORDERED that Potential's request for leave to amend the complaint to name all the individual members as plaintiffs be and the same is hereby GRANTED; and it is further

ORDERED that copies of this Order shall be directed to counsel of record herein.